# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GORSS MOTELS, INC.,                              )
                                                 )
    Plaintiff/Counter Defendant,             )
                                                 )
      v.                                    )
                                                 )   Case No. 3:18-cv-01052-AVC
ILLEN PRODUCTS LTD. d/b/a IMPRINT                )
PLUS and CCL INDUSTRIES INC.,                    )
                                                 )
    Defendants/Counter Plaintiffs,           )
                                                 )
      v.                                    )
                                                 )
STEVEN GORSS,                                    )
                                                 )
    Counter-Defendant.                       )

## PLAINTIFF AND COUNTERCLAIM DEFENDANTS'
## MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

Plaintiff/Counterclaim Defendant, Gorss Motels, Inc. ("Plaintiff") and Counterclaim Defendant Steven Gorss ("Gorss"), hereby move to dismiss the Counterclaim of Defendants/Counterclaim Plaintiffs Illen Products Ltd., and CCL Industries, Inc. (collectively, "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, submit their Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss the Counterclaim of Defendants Illen Products Ltd. d/b/a Imprint Plus and CCL Industries, Inc.'s ("Defendants"). (Doc. 17).  In support of this Motion, Plaintiff and Gorss state as follows:

1.      Plaintiff filed a putative class action against Defendants pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA" or "Act"), 47 U.S.C. § 227, regarding an unsolicited fax advertisement (the "Fax") sent by or on behalf of Defendants and received by Plaintiff on May 16, 2016. (Doc. 1, Compl. ¶¶ 13, 15; Doc. 1-1). The Fax advertises name badges sold by

Defendants. Defendants answered the Complaint on October 1, 2018 (Doc. 17), and on the same day filed a motion for judgment on the pleadings, pursuant to Rule 12(c) (Docs. 18 & 19).

2.      Also on October 1, 2018, Defendants filed a Counterclaim against Plaintiff and added as a Counter-Defendant Steven Gorss, President and Owner of Gorss Motels, Inc., in his individual capacity, for fraudulent misrepresentation (Count I), and negligent misrepresentation (Count II).

3.      Defendants allege that when Plaintiff, at times relevant a Wyndham franchisee, and Gorss provided Plaintiff's fax number to Wyndham between 2010 and 2015 on five separate it "knew or should have known that they were consenting to receive" and were representing that they "wanted to receive" fax ads "from Wyndham and Wyndham-approved suppliers," as part of the Wyndham "Fax Program." (Countercl., Doc. 17, ¶¶ 21-22, 29-30, 46-47, 63-64, 75-76).

4.      Defendants further allege that when Plaintiff (and Gorss) periodically received fax ads under the Wyndham Fax Program, they did not attempt to use the "opt out" on the fax ads to try to stop future fax ads nor did they attempt to contact Wyndham to say they no longer wished to receive faxes from Wyndham. (*Id.* ¶¶ 24, 32, 37, 39, 41, 43, 48, 65, 68, 70, 77, 82).  Instead, Plaintiff and Gorss sent the fax ads to their attorneys as possible violations of the TCPA. Defendants claim they were fraudulently and negligently induced to send the Fax at issue as a result thereof.

The Counterclaim should be dismissed because (i) it is a dressed up and premature claim for malicious prosecution and/or abuse of process; because (ii) the repeated allegation that Plaintiff and Gorss "knew or should have known" they were "consenting" to receive fax ads from Wyndham and Defendants (in addition to recasting the burden of proof) is insufficient to plead fraud under Rule 9(b); (iii) there is no false statement of material fact in that providing a fax

number does not constitute prior express permission; (iv) no statements of any kind were alleged to have ever been made to <u>Defendants</u>, precluding the possibility of reasonable reliance; (v) permission cannot be transferred from entity to another and therefore Defendants cannot rely on permission purportedly obtained by Wyndham; (vi) a fax recipient is not required to "opt out" of receiving future faxes prior to filing suit, and has no legal obligation to call the sender and ask the sender to stop as a matter of law; and (vii) the documents expressly incorporated into the Counterclaim belie the allegations made by Defendants and are controlling.

5.      In support of this Motion, Plaintiff and Gorss respectfully submit the attached Memorandum of Law.

WHEREFORE, Plaintiff and Gorss respectfully request that the Court dismiss Defendants' Counterclaim with prejudice.


Respectfully submitted,

/s/Ryan M. Kelly
Ryan M. Kelly ct30230
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
rkelly@andersonwanca.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

attorneys of record.


/s/ Ryan M. Kelly